# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DAVID WYSER,<br><br>　　　　　Defendant. | 3:14-cr-00038-RCJ-WGC-1<br><br>**ORDER** |

Unites States District Judge Sarah Evans Barker of the Southern District of Indiana sentenced Defendant David Wyser to three years of probation pursuant to Defendant's plea of guilty to one count of Accepting a Bribe, 18 U.S.C. § 666(a)(1)(B). (*See* J., Nov. 25, 2013, ECF No. 5, at 10).[1]  Supervision has been transferred to this District and the case assigned to this Court. Defendant is statutorily eligible for early termination of probation:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of

---

[1] In its opposition to Defendant's previous motion requesting early termination of probation, which the Court denied, the Government noted that the bribe was in the form of a $2500 campaign contribution from the father of an inmate convicted of soliciting the murder of her husband. Defendant (then a county prosecutor) and the inmate's attorneys then filed a joint motion to reduce the inmate's sentence. The Government also noted that Defendant's three-year sentence of probation is already below the guidelines range of 15-21 months imprisonment.

one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).  However, the Court has broad discretion in applying the statute, and mere compliance with the terms of probation is not enough in-and-of-itself to justify early termination, particularly in this case, where the below-guidelines sentence was extremely gracious. *Cf. Folks v. United States*, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010) (early termination of supervised release).  As in his previous motion, Defendant notes that he has: (1) complied with the special conditions (home detention, fine, and community service); (2) volunteered to speak with troubled youths; (3) obtained gainful employment; and (4) had no probation violations thus far.  As the Court noted in denying the previous motion, except for his volunteer work, Defendant's terms of probation require all of this and more. (*See* J. 2–3).

The Court finds that the conduct of Defendant does not warrant early termination of probation, because Defendant has claimed little more than having complied with the terms of probation.  Compliance with the terms of probation is the case for every probationer up until the moment he strays.  The Court again finds no reason to second-guess the sentencing judge's reasoned estimation that Defendant requires three years of compliance with the terms of probation to ensure his rehabilitation.  The Court lauds Defendant for his compliance with the terms of his probation thus far.  But that much is expected of him.  It is not a circumstance tending to prove that a lesser period of supervision is required than that determined by the sentencing judge.  The interests of justice are best served by ensuring Defendant complies with the terms of his probation for the length of time the sentencing judge estimated was necessary to ensure his rehabilitation.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Early Termination of Probation (ECF No. 16) is DENIED.

IT IS SO ORDERED.

DATED: This 8th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge